Barnard, P. J.
—The defendants Goodliffe and wife, on the 15th of January, 1877, executed a mortgage to one Richard Burritt for $801.85. The mortgage covered two pieces of land, one in New Rochelle, and the other partly in New Rochelle and partly in Mamaroneck.
The plaintiff has title to the mortgage by assignments from Burrill to Sarah S. Banks, and from Sarah S. Banks to him. Before Sarah S. Banks assigned the mortgage to plaintiff she released the New Rochelle property from the lien of the mortgage.
The title to the land is as follows:
In July, 1877, Goodliffe and wife conveyed to Fannie E. Banks, plaintiff’s wife, the New Rochelle property. The plaintiff conducted the negotiations for his wife which resulted in the deed. *920 The deed contained this clause: “ Subject to a mortgage of $301, made by said John T. G-oodliffe and wife to Richard Burritt, dated January 15, 1877, recorded January 20th in Liber 704 of Mortgages, p. 238, of said register’s office, at 9:30 A. M., or so much of said mortgage as may not otherwise be satisfied; that is to say, by other property described in said mortgage mentioned.”
Proof to show that this $301 mortgage was paid in making up the consideration of the conveyance was rejected because the deed contained this covenant The evidence was proper.
A certain consideration was called for by the deed amounting to $6,409. The plaintiff stated that he had not the cash consideration, and the mortgage in question was allowed as part payment thereof. We think the proof was admissible. It was in effect proving payment of the mortgage. What the real facts may be when the evidence offered is received cannot be known, but upon the record, it appears that it may be that the deed was executed and delivered upon the expectation that a certain amount of money should be paid and the conveyance made subject to this mortgage, and that the mortgage was used as a money payment This view seems to be borne out by the fact which is proven that no interest was paid upon the Burritt mortgage after 1878, a period of about twelve years.
The judgment should be reversed and a new trial granted, costs to abide event
Pratt, J., concurs; Dykman, J., not sitting.